```
                IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF TENNESSEE
                          WESTERN DIVISION
```

|  |  |
|---|---|
| **FIDELITY NATIONAL TITLE INSURANCE COMPANY, as subrogee and in its own right, et al.,**  Plaintiffs, v. **WORLDWIDE PROPERTY HUB, LLC,** Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 2:23-cv-02210-SHM-cgc |

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT AS PREMATURE AND DENYING MOTION TO STAY**

Before the Court is the May 22, 2024 Motion for Summary Judgment filed by Plaintiffs R.S. Rental II, LLC, ("R.S. Rental") and Fidelity National Title Insurance Company ("Fidelity"), as subrogee of R.S. Rental and in its own right.  (ECF No. 25.) Defendant Worldwide Property Hub, LLC ("Worldwide") failed to respond in the time required by the local rules, and the Court issued an Order to Show Cause on July 23, 2024.  (ECF No. 28); L. R. Civ. P. 56.1(b).  On August 7, 2024, Defendant filed a Motion to Stay Summary Judgment Pending Conclusion of Discovery.  (ECF No. 32.)  For the reasons below, Plaintiffs' Motion for Summary Judgment is DENIED WITHOUT PREJUDICE as premature, with leave to refile.  Defendant's Motion to Stay is DENIED.

**I.   Background**

Plaintiffs sued Defendant on April 11, 2023, alleging the following. (ECF No. 1.) Worldwide sold a Memphis, Tennessee property to R.S. Rental. (Id. at ¶¶ 6-7.) Defendant executed a warranty deed and owner's affidavit representing that there was no "outstanding contract of sale, conveyance, or encumbrance affecting said property." (Id. at ¶¶ 9-10.) After the sale, Plaintiffs received notice that the property was to be sold at auction following default on a deed of trust executed by a prior owner. (Id. at ¶¶ 17-20.) Fidelity retained counsel to stop the foreclosure and auction and paid the outstanding amount owed on the deed. (Id. at ¶¶ at 22-23.) Plaintiffs bring claims for negligent misrepresentation, breach of contract, breach of warranty of title, and indemnity based on Defendant's failure to uncover or disclose the deed of trust. (Id. at ¶¶ 25-48.) Plaintiffs seek compensation for the money spent to contest the foreclosure and pay off the deed. (Id.)

A scheduling order was entered on April 23, 2024. (ECF No. 24.) On May 22, 2024, Plaintiffs moved for summary judgment, attaching relevant documents, including the owner's affidavit. (ECF Nos. 25-27.) Worldwide failed to respond in the time required by the local rules, and the Court issued an Order to Show Cause on July 23, 2024. (ECF No. 28.) On August 7, 2024, Defendant filed

2

a Motion to Stay Summary Judgment Pending Conclusion of Discovery and an accompanying affidavit. (ECF Nos. 32, 33.)

## II. Standard of Review

A party may move for summary judgment at any time until thirty days after the close of discovery. Fed. R. Civ. P. 56(b). If the nonmoving party files an affidavit or declaration showing that, for specified reasons, it cannot provide the facts necessary to justify its opposition, the Court may issue any order it deems appropriate, including an order to deny or defer summary judgment or extend time for discovery. Fed. R. Civ. P. 56(d).

The Sixth Circuit has reversed a district court's grant of summary judgment where the parties had no opportunity for discovery, holding that granting summary judgment "absent <u>any</u> opportunity for discovery" is a "misuse" of Rule 56 that "offends concepts of fundamental fairness." <u>White's Landing Fisheries, Inc. v. Bucholzer</u>, 29 F.3d 229, 231 (6th Cir. 1994) (emphasis in original). Even when there has been no discovery, however, district courts have the discretion to grant summary judgment unless the nonmoving party has made the appropriate showing under Rule 56(d). <u>Aldridge v. City of Warren, Mich.</u>, 682 Fed. App'x 461, 464 n.1 (6th Cir. 2017) (affirming district court's grant of summary judgment even where no discovery had occurred because plaintiff had failed to comply with Rule 56(d)).

3

### III. Analysis

Plaintiffs' Motion for Summary Judgment is denied because the parties have had no opportunity for discovery. White's Landing Fisheries, 29 F.3d 229 at 231. The Scheduling Order was entered on April 23, 2024, and Plaintiffs moved for summary judgment less than one month later, on May 22. (ECF Nos. 24, 25.) The deadline to complete discovery is not until October 16, 2024, some five months later than the Motion. (ECF No. 24.) On August 1, Defendant filed interrogatories and requests for document production. (ECF Nos. 30, 31.) Defendant represents that no depositions have been taken, and written discovery has not been completed. (ECF No. 32.)

Defendant filed its Rule 56(d) affidavit on August 7, 2024. (ECF No. 33.) In that affidavit, Gregory Griffin, president of Worldwide, represents that Worldwide retained the services of Preferred Title, LLC, ("Preferred") to facilitate the property sale. (Id. at 1.) According to Griffin, Preferred relied on documents, including the commitment for title insurance and the owner's affidavit, prepared by Fidelity and its business associate, Spruce Land Services, LLC, ("Spruce"). (Id.) Discovery is necessary to determine whether Fidelity and Spruce's purported preparation of those documents prevents Plaintiff's recovery based on the doctrines of unclean hands, laches, waiver, mistake, estoppel, or comparative fault. (Id.; ECF No. 32 at 2.) Griffin lists factual issues requiring additional discovery and asserts

4

that Defendant needs additional records and the opportunity to depose representatives of Fidelity and Spruce.  (ECF No. 33 at 2.)

**IV.  Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is DENIED AS PREMATURE, with leave to refile.  Defendant's Motion to Stay is also DENIED.  All deadlines in this case remain the same.  (ECF No. 24.)

SO ORDERED this 28th day of August, 2024.

*/s/  Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE